UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                          CASE NO.:  16-25217-BKC-AJC
                                                                                Chapter 7
**BARBARA MABEL CARABALLO**
SSN: XXX-XX-8064

_____Debtor._____/

**TRUSTEE, JOEL L. TABAS' (1) OBJECTION TO DEBTOR'S SCHEDULED VALUATION AND CLAIMED EXEMPTION OF SCHEDULED PROPERTY AND (2) MOTION TO COMPEL DEBTOR TO TURNOVER PROPERTY OF THE ESTATE**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Barbara Mabel Caraballo (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 522, 541 and 542 and Federal Rule of Bankruptcy Procedure 4003 files this (1) Objection to Debtor's Scheduled Valuation and Claimed Exemption of Scheduled Property (the "Objection"), and (2) Motion to Compel Debtor to Turnover Property of the Estate (the "Motion") and in support thereof, states as follows:

1. This case commenced as a Chapter 7 proceeding on November 12, 2016 (the "Petition Date").  Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The § 341 Meeting of Creditors was scheduled and held on December 14, 2016

3. Pursuant to the Order Granting Joel L. Tabas, Trustee's Third Agreed *Ex Parte* Motion to Enlarge Time to File Objections to Debtor's Claimed Exemptions [ECF 33], the last day for the Trustee to object to the Debtor's claimed exemptions is July 11, 2017.

4. The Trustee objects to the scheduled valuation and claimed exemption of all property, other than homestead property, claimed as exempt by the Debtor to the extent that the actual Petition Date fair market value of said property, when combined with the Debtor's other non-exempt assets, causes the Debtor to exceed the available $1,000.00 per

person personal property exemption, and the $1,000.00 per person vehicle exemption under Florida law, or to the extent that any claimed exempt property was converted from non-exempt assets in derogation of Fla. Stat. 222.29 and 222.30, and any other applicable law.

5. Additionally, the Trustee objects to the claimed exemption of the Regions bank account ending in #4626 (the "Regions Account") as tenants by the entirety. Attached hereto as Exhibit "A," is the signature card for the Regions Account. The Debtor chose to own the Regions Account as Joint Tenants rather than Tenants by the Entireties, as offered by the bank. "An express disclaimer of an intent not to hold the account as a tenancy by the entireties arises if the financial institution affirmatively provides the depositors with the option on the signature card to select a tenancy by the entireties among other options, and the depositors expressly select another form of ownership option of either a joint tenancy with right of survivorship or a tenancy in common." *Beal Bank, SSB v. Almand & Associates*, 780 So. 2d 45, 60 (Fla. 2001).

6. The Debtor is in possession of the following personal property, (a) various household goods and furnishings more specifically described on the Debtor's Schedule "B" with an aggregate scheduled value of $4,410.00 (the "HHG"); (b) the Regions Account with a scheduled value of $1,215.12; and (c) an undisclosed Regions account ending in #1963 (the "Undisclosed Account"). Items (a) through (c) shall collectively be referred to as, the "Scheduled Property."

7. Additionally, the Estate has an interest in the Debtor's 2016 Federal Income Tax Refund (the "Refund")(collectively, the Scheduled Property and the Refund are referred to as the "Property").

8. The non-exempt portion of the Property is property of the Estate pursuant to 11 U.S.C. §541 and subject to turnover pursuant to 11 U.S.C. §542.

9. The Trustee has requested that the Debtor either repurchase the Property from the Estate or turnover said Property, but the Debtor have failed to do so.

10. Accordingly, the Trustee requests entry of an order compelling the Debtor to either (a) enter into a stipulation with the Trustee for the immediate repurchase of the Property or (b) turnover the Property to the Trustee.

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Barbara Mabel Caraballo respectfully requests this Honorable Court enter an Order (1) sustaining the instant Objection, (2) directing the Debtor to either (a) enter into a stipulation with the Trustee for the immediate repurchase the Property or (b) turn over the Property to the Trustee within 10 days, and (3) granting such other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 26, 2017, a true and correct copy of the foregoing was served via electronic transmission to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to:

Barbara Mabel Caraballo
2570 W. 67th Place, #2-23
Hialeah, FL  33016-2854

Respectfully submitted,

/s/ Joel L. Tabas
Joel L. Tabas
Fla. Bar No. 516902
Tabas & Soloff, P.A.
Attorneys for Trustee, Joel L. Tabas
25 SE 2nd Avenue, Suite 248
Miami, Florida 33131
Telephone:   (305) 375-8171
Facsimile:   (305) 381-7708
E-mail: jtabas@tabassoloff.com

3

## Sales and Service
## REGIONS
### Personal Account Maintenance and Signature Form

092 STATE

ACCOUNT TYPE: CHECKING
ACCOUNT #: ####4626

| Existing Account Description | New Account Description |
|---|---|
| MRS BARBARA M CARABALLO | MRS BARBARA M CARABALLO |
| VLADIMIR F RIVERO | VLADIMIR F RIVERO |

**NEW ACCOUNT OWNERSHIP** (All remaining owner information and signature(s) required to add or delete owner or authorized signer.)

MRS BARBARA M CARABALLO — DATE OF BIRTH: 06/27/1964
SSN/TIN: Nonresponsive Information Redacted
RELATIONSHIP: CO-OWNER
PRIMARY ID: FL DL C######7270  04/21/2009  06/27/2017
SECONDARY ID:
CUSTOMER PHYSICAL STREET ADDRESS: 2570 W 67TH PL APT 2-23 HIALEAH FL 33016-2854

VLADIMIR F RIVERO — DATE OF BIRTH: 04/20/1963
SSN/TIN: Nonresponsive Information Redacted
RELATIONSHIP: CO-OWNER
PRIMARY ID: FL DL #######400  02/17/2013  04/20/2021
SECONDARY ID:
CUSTOMER PHYSICAL STREET ADDRESS: 2570 W 67TH PL APT 2-23 HIALEAH FL 33016-2854

**DELETE OWNERSHIP**

**W-9 CERTIFICATION** (If primary ownership is changing, the Signature Card section below must be completed and signed by the primary owner.)

Certification: By signing below, I certify, under penalties of perjury, that: (1) the number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and (2) I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, (3) I am a U.S. person (including U.S. resident alien) as defined in the full instructions of the W-9. If I am not a U.S citizen or resident, I agree to provide Form W-8, and (4) The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct. Exemption from FATCA reporting code (if any) _____ (Applies to accounts maintained outside the U.S.)
NOTE: You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return.
The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

### Signature Card

SIGNATURE: [signed] MRS BARBARA M CARABALLO  DATE
SIGNATURE: [signed] VLADIMIR F RIVERO  DATE

NOTE: This signature card replaces any and all previous signature cards for this account. However, Regions Bank shall have a reasonable opportunity to act upon this signature card and shall not be liable for any action it takes in good faith and through the exercise of ordinary care on the basis of information contained in previous signature cards for this account.

By signing, I acknowledge receiving and agree to each and every term, condition, and provision of the Deposit Agreement (including, without limitation, the ARBITRATION AND WAIVER OF JURY TRIAL provisions thereof and the provisions for changing the terms thereof) and related disclosures for this account.

**BRANCH ASSOCIATE INFORMATION**

NAME: MERY GONZALEZ  DATE: 01/06/2017  MAILCODE:  BRANCH NUMBER/NAME: 06224 GRATIGNY

**NOTARIZATION** (Any signatures not performed in the presence of a branch associate require notarization.)

State of _____ County of _____
HEREBY CERTIFY that on this the _____ day of _____, 20___ before me, the undersigned notary, personally appeared _____ (Customer).
☐ personally known to me OR
☐ proved to me through identification documents allowed by law: _____
and who
☐ signed the preceding or attached document in my presence OR
☐ acknowledged before me that the same was voluntarily executed for all of the general and specific purposes expressed therein

My Commission Expires: ___/___/___
NOTARY PUBLIC

Rev 11/2015
Form # 52147

Distribution: Original - CMI Operations
Copy - Customer



EXHIBIT "A"

Sales and Service

*THE FOLLOWING TERMS ARE FOR CUSTOMERS WITH PERSONAL ACCOUNTS OPENED IN THE STATES REGIONS BANK HAS BRANCHES.*

Each person signing on the reverse side agrees to be bound by Regions Bank (the "Bank") Deposit Agreement, and pricing schedule for the account indicated on the reverse side hereof as are now in force and as they may be amended from time to time hereafter and hereby acknowledges receipt of a copy of the applicable agreement now in force.

If the account is a joint account, withdrawals of funds on deposit may be in whole or in part upon the order of either or any of the parties authorized on the reverse side to sign withdrawal orders on the account ("Account Owners") subject to the deposit agreement.

Unless otherwise noted on this card, a joint account is owned by the parties whose signatures appear on the reverse side and/or who are added to the account as joint tenants with right of survivorship. You should consult your tax advisor to determine the type of account ownership which best suits your needs.

The Bank shall not be obligated to pay, but in its discretion may pay, any check which causes an account to be overdrawn. All cosigners on a joint account which becomes overdrawn shall be jointly and severally liable for and guarantee payment to Bank the full amount of any overdraft regardless of whether such cosigner knew about or participated in the transaction creating the overdraft of received funds or otherwise derived a benefit as a result of the overdraft.

If the action noted on the reverse side is an account conversion, the conversion is effective one (1) business day after the business day the signed form is received by the Bank. If the conversion card is received by the Bank after 2:00 pm, it shall be considered as having received on the next business day. For purposes of this provision, Saturday is not a business day. If the action noted involves conversion to or from a truncated account, the conversion shall be effective on the first day of the next statement cycle.

If your account is converted for any reason from an interest-bearing to non-interest bearing account before interest is credited, you will not receive the accrued interest.

The Bank shall not be obligated to pay, but in its discretion may pay, any check which causes an account to be overdrawn. All cosigners on a joint account which becomes overdrawn shall be jointly and severally liable for and guarantee payment to the Bank of the full amount of any overdraft regardless of whether such cosigner knew about or participated in the transaction creating the overdraft or received funds or otherwise derived a benefit as result of the overdraft.

## OWNERSHIP EXPLANATION/DEFINITION

**SOLE OWNER.** Only one person has a present ownership interest in the account. Available funds remaining in the account upon the sole owner's death are thereafter owned by the decedent's estate, unless a POD Beneficiary is designated on the account.

**CO-OWNER.** Multiple persons have a present ownership interest in the account. Co-owners have an undivided interest in the account as Joint Tenants with the Right of Survivorship (JWROS), unless prohibited by state law, and share a full and undivided interest in the entire account.

**JWROS (Joint Tenants with Right of Survivorship).** Multiple persons have a present ownership interest in the account. The account shall become the property of each owner as joint tenants, and any survivor is entitled to all available funds even if a predeceasing tenant had a Will specifically directing disposition to someone else. The bank may release all available funds remaining in the account, or honor checks or orders drawn by, or withdrawal requests from a surviving tenant upon the death of any joint tenant.

**AAS (Additional Authorized Signatory).** This individual has no ownership interest in the account. Such designation shall mean that the person named as additional authorized signatory shall have the authority during the owner's lifetime to withdraw funds from the deposit account. The bank may release all available funds remaining in the account, or honor checks or orders drawn by, or withdrawal requests from such authorized signatory until notified of revocation of such authority.

**POD (Payable on Death Beneficiary).** Upon the death of the last surviving owner, available funds remaining in the account are thereafter owned by and will be distributed in equal shares to the designated and surviving POD(s). In Louisiana, only the account owner's immediate family (spouse, one or more children, grandchildren, parents or siblings) may be designated as POD.

**TIC (Tenants in Common).** Multiple persons have a present ownership interest in the account. TICs have full rights to possess the entire account, as Tenants in Common, with no survivorship rights. Upon the death of a TIC, a percentage of the available balance percentage equivalent to the decedent's ownership interest is thereafter owned by the decedent's estate.

**TBE (Tenants by the Entireties).** Unless otherwise agreed, husband and wife have a present and undivided ownership interest in the account, with survivorship rights upon the death of the other. Both husband and wife must consent to spending or encumbrance of available funds.

Additional terms of understanding regarding these designations may be found in the Deposit Agreement and separate letter signed by the customers and delivered with this agreement.